IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:08-HC-2163-BO

| | |
|---|---|
| TIMOTHY RICHARDSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| GERALD BRANKER, Warden, ) | |
| Central Prison ) | |
| Raleigh, North Carolina, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on respondent's motion for stay of execution of judgment [DE #35]. In an order entered on January 6, 2011, the court held that petitioner, a state inmate convicted of first-degree murder and sentenced to death, received ineffective assistance of appellate counsel in violation of his Sixth Amendment rights and is entitled to a new sentencing hearing. The court ruled that unless the State of North Carolina initiates new sentencing proceedings within 180 days of the court's judgment, petitioner shall be sentenced to life imprisonment on his conviction for first-degree murder. On February 4, 2011, respondent filed a notice of appeal and motion to stay the court's judgment pending completion of his appeal. Petitioner has not responded and the time for doing so has expired. The matter is ripe for ruling.

Rule 8(a) of the Federal Rules of Appellate Procedure provides that an application for stay of judgment pending appeal should be directed in the first instance to the district court. Fed. R. App. P. 8(a). In determining the request for a stay, the court considers four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the

applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Hilton v. Braunskill, 481 U.S. 770, 776 (1987).

The court disagrees with respondent's position that he has a strong likelihood of success on appeal. However, the court finds that consideration of the other Hilton factors warrant granting respondent's motion. It is likely that the appeal will not be completed prior to the expiration of the 180-day period provided in the court's January 6, 2011, order. The State should not have to initiate new sentencing proceedings against petitioner while the appeal is pending, nor would compelling the State to do so be in the public interest. Further, petitioner will not be substantially injured by a stay. Petitioner remains convicted of first-degree murder, and as respondent contends, petitioner is not subject to execution of the sentence of death at this time. See N.C. Gen. Stat. § 15-194.

Accordingly, respondent's motion for a stay of execution of judgment [DE #35] is GRANTED. The final judgment of this court is stayed pending completion of respondent's appeal to the Fourth Circuit Court of Appeals.

SO ORDERED, this 2 day of March 2011.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE