IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:08-HC-2163-BO

| | |
|---|---|
| TIMOTHY RICHARDSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| GERALD BRANKER, Warden, ) | |
| Central Prison ) | |
| Raleigh, North Carolina, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on Petitioner Timothy Richardson's application for a certificate of appealability [DE # 40].

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been denied on the merits by the district court, the petitioner must demonstrate that reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the

application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484-85.

Petitioner seeks a certificate of appealability on four issues raised in the petition. First, petitioner seeks a certificate of appealability as to his argument the State presented false and misleading evidence in violation of Napue v. Illinois, 360 U.S. 264 (1959), raised as part of Claim I of the petition. Second, petitioner seeks a certificate of appealability as to his argument the State withheld evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963), also raised in Claim I of the petition. Third, petitioner asserts he is entitled to a certificate of appealability on Claim II of the petition in which he argued he received ineffective assistance of counsel because his attorneys did not move to suppress his statements to the police. Finally, petitioner asserts he is entitled to a certificate of appealability on Claim IV of the petition in which he argued he is mentally retarded and therefore, in accordance with Atkins v. Virginia 536 U.S. 304 (2002), cannot be executed. Petitioner's argument the State presented false and misleading evidence in violation of Napue v. Illinois was denied on the basis of a procedural default. The other three issues for which petitioner seeks a certificate of appealability were denied on the merits.

The court has reviewed and considered petitioner's arguments raised in the application for certificate of appealability and the court's treatment of the claims in its January 6, 2011 order. With respect to petitioner's Napue argument, petitioner fails to demonstrate that reasonable jurists would find it debatable whether this court was correct in its procedural default of the argument. See Rose, 252 F.3d at 684. With respect to Claim II of the petition, petitioner's argument asserting he received ineffective assistance of counsel because his attorneys did not move to suppress his statements to the police, the court finds petitioner fails to show that reasonable jurists would find the treatment of Claim II debatable or wrong or that the issue deserves encouragement to proceed further. However,

with respect to petitioner's argument made pursuant to Brady v. Maryland raised in Claim I and his argument he may not be executed because he is mentally retarded raised in Claim IV, the court concludes petitioner has shown the issues are adequate to deserve encouragement to proceed further.

CONCLUSION

Accordingly, Petitioner's application for a certificate of appealability is GRANTED in part and DENIED in part. A certificate of appealability is GRANTED as to petitioner's argument the State withheld evidence in violation of Brady v. Maryland, and as to his argument he is mentally retarded and cannot be executed. Petitioner's application for certificate of appealability is DENIED as to the two remaining issues. The Clerk is directed to forward a copy of this order to the United States Court of Appeals for the Fourth Circuit.

SO ORDERED, this 10 day of May 2011.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE